

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:EDP
F#2013R01581

*271 Cadman Plaza East, 4th Floor*
*Brooklyn, New York  11201*

April 18, 2014

<u>By ECF & Hand</u>

The Honorable William F. Kuntz II
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Joel Paulino
            <u>Criminal Docket Number 13-617 (WFK)</u>

Dear Judge Kuntz:

On December 17, 2013, the defendant pled guilty before this Court, pursuant to a plea agreement, to a single-count indictment charging him with escape from federal custody, in violation of 18 U.S.C. § 751(a).  The defendant is scheduled to be sentenced by this Court on April 24, 2014 at 10:00 a.m.  For the reasons set forth below, the government respectfully requests that the Court sentence the defendant within the applicable Guidelines range of 4 to 10 months.

I.  <u>Background</u>

On January 13, 2010, the defendant pled guilty to a one-count indictment in the District of Maryland charging that he conspired to distribute and possessed with intent to distribute 10-20 grams of heroin.  On April 16, 2010, he was sentenced to 14 months imprisonment and three years of supervised release.  After the defendant was released, his case was transferred to the Honorable Judge Irizarry for supervision.

Between November 2011 and January 2013, Judge Irizarry sentenced the defendant to custodial sentences for three separate violations of supervised release.  The last of these sentences was imposed on January 13, 2013, and the defendant was scheduled to be released from custody on January 18, 2014.

On September 21, 2013, the day of the instant offense, the defendant was serving the latter half of his sentence at the Brooklyn House Residential Reentry Center ("BHRCC"). That day, the defendant left the BHRCC without the permission by escaping out an emergency exit.  He briefly returned to the BHRCC on September 24, 2013, but then left again a few hours later.  On September 24, 2013, an arrest warrant was issued for the defendant, and on January 28, 2014, the defendant was arrested by the United States Marshal's Service.

On January 14, 2014, the Bureau of Prisons inadvertently released the defendant, apparently unaware of the instant prosecution.  The defendant agreed to turn himself in at the United States Courthouse but then repeatedly failed to do so.  On January 28, 2014, the United States Marshal's Service again arrested the defendant and brought him back into custody.

II.  Guidelines Calculation

The government offers the following United States Sentencing Guidelines ("U.S.S.G.") calculation:

| | |
|---|---|
| Base Offense Level<br>(§2P1.1(a)(1)) | 13 |
| Less: Escape from the Non-Secure Custody of a Halfway House<br>(§2P1.1(b)(3)) | -4 |
| Less: Acceptance of responsibility<br>(§ 3E1.1) | −2 |
| Total | 7 |

The total offense level is 7, which, based on a criminal history category of III, carries a range of imprisonment of 4 to 10 months.[1]

III.  Legal Standard

In the Supreme Court's opinion in United States v. Booker, 125 S. Ct. 738, 743 (2005), which held that the Guidelines are advisory not mandatory, the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining sentence, but also may tailor the sentence in light of other statutory concerns.  See 18 U.S.C. § 3553(a). Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with

---

[1]     The plea agreement signed by the parties estimated the defendant's criminal history at level IV.  The government agrees with the Probation Department that level III is the appropriate criminal history score for the defendant.

3

respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall, 128 S. Ct. at 596 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

IV. Argument

The government respectfully requests that this Court impose a sentence within the Guidelines range. The applicable Guidelines range reflects the seriousness of the defendant's conduct in escaping from a residential reentry facility. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). A guidelines sentence is also important for general deterrence: between September and November 2013, nine inmates escaped from residential reentry centers in the district – the same number as in all of 2012. A sentence within the within the Guidelines range will provide adequate deterrence to others contemplating similar acts. See id. § 3553(a)(2)(B). For the above reasons, the government asks this Court to impose a custodial sentence within the applicable Guidelines range of 4 to 10 months.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____

Erik D. Paulsen
Assistant U.S. Attorney
(718) 254-6135

cc:    Michael Schneider, Esq. (via email)